UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENDA A. PATTERSON,

    *Petitioner*,

v.

SCOTT S. HARRIS, *et al.*,

    *Respondents*.

Civil Action No. 22-697 (RDM)

### MEMORANDUM OPINION

Petitioner Brenda A. Patterson, proceeding *pro se*, filed this action on March 3, 2022, against the Clerk of the United States Supreme Court, the Clerk of the United States District Court for the District of Columbia, and an Assistant United States Attorney General at the United States Department of Justice. Dkt. 1 (Compl.). Petitioner's claims arise from her efforts to file a series of emergency petitions, petitions for certiorari, and writs in the Supreme Court; to lodge a civil rights complaint with the Department of Justice; and to docket motions for entry of default in this Court. *Id.* at 2–11. Petitioner seeks mandamus relief directing (1) the Clerk of the Supreme Court to "file, Docket, and submit" her petitions, (2) the Assistant Attorney General "to investigate, intervene, prosecute, and enter a final agency action against the individual and municipalities detailed within [Patterson's] Civil Rights Complaint," and (3) the Clerk of this Court "to Docket all Pleadings filed by the Petitioner." Dkt. 1 at 1–2 (Compl.). Because the Court concludes that Petitioner has not alleged the threshold requirements for mandamus relief, the Court will **DISMISS** the petition for lack of jurisdiction.

28 U.S.C. § 1361 vests federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005). Mandamus relief is a "drastic" remedy, only to be invoked in "extraordinary circumstances." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). To show an entitlement to mandamus relief, a petitioner must demonstrate (1) that she has a clear and indisputable right to relief; (2) that the government agency or official is violating a clear, nondiscretionary duty to act; and (3) that no adequate alternative remedy exists. *Id.*; *see also Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n*, 812 F.3d at 189; *see also In re Clinton*, 970 F.3d 357, 362 (D.C. Cir. 2020). That none of the Respondents have appeared or moved to dismiss the instant suit, moreover, does not preclude the Court from *sua sponte* dismissing Petitioner's complaint for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Hurt v. U.S. Court of Appeals for the D.C. Circuit*, 264 F. App'x 1 (D.C. Cir. 2008) ("It was proper for the district court to analyze its own jurisdiction *sua sponte* and dismiss the case for lack of jurisdiction." (italicization added)).

As for Petitioner's request for mandamus relief against the Clerk of the Supreme Court, "neither a district court nor a circuit court of appeals has jurisdiction to interfere with" the Supreme Court's "supervisory responsibility" over the Clerk of the Court. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam); *see also Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). This principle plainly bars mandamus relief against the Clerk of the Supreme Court. *See Miller v. Harris*, 599 F. App'x 1, 1 (D.C. Cir. 2015). Because "[i]t is the

right and duty of the [Supreme] Court . . . to correct the irregularities of its officer and compel him to perform his duty," this Court lacks jurisdiction to intrude on that supervisory authority "by mandamus or otherwise." *In re Marin*, 956 F.2d at 340 (alterations in original) (internal quotation marks omitted).

Petitioner's claims against the Clerk of this Court fare no better. Petitioner has not identified any clear, nondiscretionary duty of which the Clerk is in violation, beyond a vague reference to the "Judiciary Act of 1789" and the contention that the Clerk of this Court has the same "duties" as the Clerk of the Supreme Court. Dkt. 1 at 13 (Compl.). Petitioner's right to relief, *see Power*, 292 F.3d at 784, against the Clerk of this Court is not at all clear where, as here, the motion that the Clerk allegedly "refused to record" in Case 21-cv-1427, Dkt. 1 at 11; Dkt. 1-2 at 82, 86, has since been filed on the record, *see Patterson v. Fl. Dep't of Children & Families*, 21-cv-1427 (June 22, 2022) (Dkt. 52). In any event, that claim for injunctive relief is now moot.

Petitioner's request for mandamus relief as to Assistant Attorney General Clarke similarly fails. Petitioner has not alleged that Clarke has any clear, nondiscretionary duty to "investigate, intervene, prosecute, and enter a final agency action against the individuals and municipalities detailed within the Civil Rights Complaint submitted by Petitioner." Dkt. 1 at 2 (Compl.); *see, e.g.*, *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 123 (D.D.C. 2009); *Whittle v. Moschella*, 756 F. Supp. 589, 597 (D.D.C. 1991). "The decision whether and when to investigate a particular matter is quintessentially discretionary," *Gage v. U.S. Att'y Gen.*, No. 22-cv-283, 2022 WL 602451, at *1 (D.D.C. Feb. 28, 2022); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985), and Petitioner has not indicated any basis from which the Court can conclude that the Department of Justice owes her a nondiscretionary duty to investigate the allegations in

3

her civil rights complaint.  At most, Petitioner points to the requirements of the "the Fifth Amendment" and to 28 C.F.R. § 0.50, a federal regulation that assigns the Assistant Attorney General for the Civil Rights Division the function of "reviewing investigations arising from reports or complaints of public officials or private citizens."  *Id.* at § 0.50(b).  Neither authority, however, imposes on Clarke or on the Department of Justice any mandatory duty to investigate or prosecute all complaints of civil rights violations.

    Because the complaint fails to demonstrate Petitioner's entitlement to mandamus relief as to any of the named Respondents, the Court will **DISMISS** the case for lack of jurisdiction.

    A separate order will issue.

                                                                /s/ Randolph D. Moss
                                                                RANDOLPH D. MOSS
                                                                United States District Judge

Date: November 8, 2022